99 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Doy Sidney BOWIE, Plaintiff-Appellant,
v.
CALIFORNIA DEPARTMENT OF CORRECTIONS; R.A. Ballard,
Lieutenant, California Department of Corrections; C. Sobbe,
Corrections Officer, California Department of Corrections;
T.C. Hopper, Corrections Officer, California Department of
Corrections; James H. Gomez, Director, California
Department of Corrections, Defendants-Appellees.
 No. 95-55539.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1996.*
Decided Oct. 15, 1996.
 
 1
 Before: O'SCANNLAIN, T.G. NELSON and HAWKINS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Bowie, a prison inmate, brings this action under 42 U.S.C. § 1983, together with several pendent state tort claims, against three prison officials, alleging violation of the Eighth Amendment through excessive force and verbal sexual harassment. The defendants moved for summary judgment and asserted a qualified immunity defense. The district court granted defendants' summary judgment motion on the § 1983 claim, and the remaining tort claims were thus dismissed for lack of jurisdiction. Bowie appeals and we affirm.
 
 I. Excessive Force
 
 4
 Bowie alleges he was attempting to leave a disciplinary hearing in defendant Ballard's office when Ballard struck Bowie. Bowie claims he responded by grabbing Ballard and holding him against a wall until Officers Platt and Riggs arrived. Bowie claims he did not resist after that time and that he was restrained peacefully on the floor until defendants Sobbe and Hopper arrived; however, both Platt and Riggs sustained minor injuries while restraining Bowie and were treated at the prison infirmary. Defendants Sobbe and Hopper handcuffed Bowie and escorted him to the medical technician's office. Plaintiff claims the handcuffs were too tight, and also claims that when they arrived at the clinic, the officers threw him face down on the floor.
 
 
 5
 The qualified immunity test consists of two prongs: 1) does the conduct complained of violate clearly established law, and 2) in light of the established law, could the defendants have believed that their actions were lawful. The correct test in evaluating excessive force claims under the Eighth Amendment is whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."
 
 
 6
 Prison officials are afforded great deference when using force to preserve internal order and discipline. Whitley v. Albers, 475 U.S. 312, 321-22 (1986). Ballard could have reasonably believed the force was necessary to restore discipline at the hearing. As Ballard's actions did not violate clearly established law, he is entitled to qualified immunity and the district court's grant of summary judgment on this issue was proper. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Anderson v. Creighton, 483 U.S. 635, 641 (1987).
 
 
 7
 Sobbe and Hopper are likewise entitled to qualified immunity. Bowie admitted that he was engaged in an altercation with Ballard at the time Platt and Riggs entered the room; in fact, Bowie indicated that he was in control of Ballard. Sobbe and Hopper entered the room in the aftermath of this struggle. When officials respond to prison disturbances, their actions are necessarily taken "in haste, under pressure" and must be balanced against "competing institutional concerns for the safety of prison staff." LeMaire v. Maass, 12 F.3d 1444, 1452 (9th Cir.1993). Given the circumstances they confronted and the deference that prison officials must be afforded when dealing with such altercations, Sobbe and Hopper's alleged actions simply do not rise to the level of an Eighth Amendment violation. The district court's summary judgment in favor of these defendants is therefore affirmed.
 
 II. Verbal Sexual Harassment
 
 8
 Bowie also complained of various comments allegedly made by Ballard during 1992-93, including an invitation to participate in a homosexual act, a comment that Bowie wasn't "doing anything for" Ballard, and comments related to some nude photos of Bowie that Ballard had obtained. Ballard is also entitled to qualified immunity and summary judgment on this issue, since he did not violate a "well-established right". Even if Bowie's alleged comments could be constituted somehow as sexual harassment, as the Tenth Circuit recently held, that, by itself, does not constitute an Eighth Amendment violation. Adkins v. Rodriguez, 59 F.3d 1034, 1037 (10th Cir.1995). We have held that sexual harassment can constitute an Eighth Amendment violation, but not in a case without physical contact. See, e.g., Jordan v. Gardner, 986 F.2d 1521 (9th Cir.1993); Hernandez v. Denton, 861 F.2d 1421 (9th Cir.1988). The actions of the defendant must be measured against the law at the time of the actions. Finkelstein v. Bergna, 924 F.2d 1449 (9th Cir.), cert. denied, 112 S.Ct. 75 (1991). Whether verbal harassment alone can constitute an Eighth Amendment violation is not "clearly established" today and certainly was not at the time of Ballard's alleged comments. Those comments may have been uncouth, but not unconstitutional. Thus, Ballard is entitled to qualified immunity, and the district court's grant of summary judgment is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3